[No. 29584-5-I.   Division One.   October 12, 1992.]

MONDELL CRAMER, ET AL, *Appellants,* v. PEMCO INSURANCE COMPANY, *Respondent.*

*Steven G. Toole* and *Steven G. Toole & Associates,* for appellants.

*Sidney R. Snyder, Jr., Ronald S. Dinning,* and *Merrick, Hofstedt & Lindsey,* for respondent.

FORREST, J. — Mondell and Vicky Cramer appeal the trial court's entry of summary judgment in favor of Public Employees Mutual Insurance Company (PEMCO) on the Cramers' claim for underinsured motorist benefits for Vicky's loss of consortium arising out of an automobile accident in which Mondell was struck by a third party. We affirm.

On July 15, 1987, Mondell Cramer was involved in an automobile accident with a vehicle driven by Steven Arnhold. Arnhold was insured by Farmers Insurance Group (Farmers) under a liability insurance policy with a limit of $25,000.

The Cramers settled for the available limits under the Farmers policy and both Mondell and Vicky executed a release discharging Arnhold from all claims relating to personal injuries arising out of the accident. A handwritten addition to the release provided that $25,000 "does not fully compensate me or my wife for our injuries" and reserved the Cramers' right to pursue underinsured motorist (UIM) claims. Farmers' settlement check listed both Mondell and Vicky as payees, but listed only Mondell as a claimant.

At the time of the accident, the Cramers carried UIM and personal injury protection (PIP) coverage through PEMCO.

PEMCO paid $8,227 under the Cramers' PIP policy for medical expenses incurred by Mondell. PEMCO agreed to waive its subrogation claim against the settlement with Farmers but reserved its right to claim a setoff for the PIP payments in the UIM claim that the Cramers subsequently brought against PEMCO.

At the hearing on the UIM claim, the arbitration panel awarded the Cramers $10,000 in medical expenses, $15,000 in general damages, and $5,000 for loss of consortium for a total of $30,000.

PEMCO refused to pay the arbitrators' award on the ground that the award was less than the combined proceeds that the Cramers had already received from the settlement ($25,000) and the PIP payments ($8,227).

The Cramers filed suit against PEMCO seeking to recover $5,000 for Vicky's loss of consortium. The trial court granted PEMCO's motion for summary judgment and denied the Cramers' motion for summary judgment. This appeal followed.

The facts are not in dispute. The Cramers contend that Vicky's loss of consortium claim was not included in the settlement with Farmers and is separate and distinct from Mondell's claim. They argue that Vicky's claim should not be "tied into or joined with" Mondell's, and that she should be entitled to recover the full amount of her claim regardless of the amount her husband receives.

PEMCO contends that it is not liable for any additional payments to the Cramers because they have already received $25,000 from the settlement and $8,227 in PIP payments totaling $3,227 in excess of that determined by the arbitrators to be the amount of damages suffered.[1]

The Cramers cite no case authorizing UIM coverage on these facts, nor do they advance any plausible policy

---

[1]PEMCO correctly points out that the Cramers are collaterally estopped from relitigating the issue of the total damages they incurred, determined in arbitration to be $30,000. *Robinson v. Hamed*, 62 Wn. App. 92, 98, 813 P.2d 171, *review denied*, 118 Wn.2d 1002 (1991).

argument supporting their claim. On the contrary, it would subvert the purpose of UIM coverage which is to allow an injured party to recover those damages he or she would have received had the responsible party maintained adequate liability insurance.[2] Although the injured party is entitled to be made whole by UIM coverage, he or she is not entitled to be put in a better position than if struck by a fully insured motorist.[3] The independent nature of Vicky's consortium claim[4] and the lack of negotiations as to that claim in arriving at the settlement with Farmers are immaterial. Having signed a release of all claims, separate and community, for an unallocated $25,000 lump sum, the Cramers cannot now insist on imputing an allocation based on the arbitrators' award so as to enlarge the obligations of the UIM carrier.

There was and is nothing to prevent the Cramers from allocating the settlement and the PIP payment between themselves any way they see fit, including in the manner used by the arbitrators in arriving at a total damage award of $30,000. Indeed, they have an additional $3,227 over and above what the arbitrators determined their actual damages to be. What they cannot do is create an allocation that results in their receiving an amount more than the arbitrators' total award for their damages.

The Cramers complain that PEMCO is lumping Vicky's claim together with her husband's and the community claim and treating all of them as one claim. However, it is the Cramers who executed a joint release of all claims, separate and community, and it is they who both endorsed a settlement check. They cannot now segregate the settlement so as to deny the UIM carrier a $25,000 setoff against their joint and combined claim.

---

[2] *Keenan v. Industrial Indem. Ins. Co.*, 108 Wn.2d 314, 320, 738 P.2d 270 (1987).

[3] *Keenan*, at 321.

[4] *Lundgren v. Whitney's Inc.*, 94 Wn.2d 91, 614 P.2d 1272 (1980).

■ The Cramers' reply brief urges a waiver by PEMCO of the right to offset the PIP payments and a "peppercorn theory" as to the legal significance of Vicky's settlement with the liability carrier. These issues were not raised in appellants' opening brief, denying PEMCO the opportunity to respond. We therefore decline to address them.[5]
Affirmed.

SCHOLFIELD and COLEMAN, JJ., concur.