[No. 36892-3-I.   Division One.   September 8, 1997.]

*In the Matter of the Marriage of* KAREN P. SHANKS McDANIEL, *Respondent,* and JOHN WAYNE (JACK) McDANIEL, *Appellant.*

*John Wayne McDaniel*, pro se.

*Heather Houston, Robert H. Gibbs*, and *Gibbs, Houston & Pauw*, for respondent.

*Jonathan M. Weiss*, amicus curiae.

BAKER, C.J. — This case is the third appeal arising from the 1987 dissolution of John Wayne McDaniel and Karen Shanks. In the prior appeal, we reversed and remanded the denial of McDaniel's 1991 petition for modification and reversed part of a contempt order against him. On remand, the trial court granted McDaniel's petition for modification and entered findings and conclusions, an order of modification, and an order setting current support. McDaniel now appeals the findings and both orders, raising 18 assignments of error.

We requested argument on whether RCW 26.19.065(2)[1] applies to this case and, if so, how it applies. We hold that

---

[1]RCW 26.19.065 provides the standards for establishing upper and lower limits on child support. The relevant provision is set forth *infra*.

a trial court must consider the minimum need standard adopted in RCW 26.19.065(2) when setting child support. The court may deviate from that standard for the reasons stated in RCW 26.19.075, but its reasons must be set forth in its findings and conclusions. The trial court's conclusions here indicate that it considered the minimum need standard, but because the court failed to state its reasons for deviating from that standard in the findings, we remand for entry of the necessary findings.

## FACTS

McDaniel filed a petition for modification on December 19, 1991. On remand from his second appeal from that petition, the trial court granted modification for McDaniel's change in circumstances, calculated the modified support owing for the period from August 1992 (the date of the first hearing) through March 1995, and per the parties' stipulation, established the current support obligation.

The trial court found that as of July 1992, McDaniel's estate was depleted and that as of August 1992, his monthly income was $1,125.00 gross and $950.19 net. The court also found that McDaniel was not deliberately underemployed. The court calculated the monthly child support obligation during that period as $290.60 for McDaniel and as $568.20 for Shanks.

The child support worksheet attached to the order on modification indicated that the basic subsistence amount was $752.00 and that McDaniel's maximum transfer payment under that limitation was $198.19. In setting the child support from August 1992 through March 1995, the trial court declined to (1) apply the basic subsistence limitation (minimum need standard), (2) increase the support in 1994 when McDaniel's pay level increased, (3) deviate for McDaniel's expenses relating to his other child or his time with these children, or (4) adopt the increase requested by Shanks. Based upon these determinations, the trial court calculated $7,292.55 as the amount that

McDaniel owed for the period from August 6, 1992 through March 31, 1995, which was to be paid off at $50.00 per month beginning June 1, 1995.

## ANALYSIS

McDaniel first argues that the trial court erred by not applying the minimum need standard from RCW 74.04.770, which is applicable through RCW 26.19.065(2) when a court is setting child support. McDaniel argues that application of the minimum need standard is mandatory, and that under the standard his support should have been $198.19 from December 19, 1991 through March 31, 1995.[2] No other case has addressed whether RCW 26.19.065(2) applies when the combined income is over $600 and, if so, how it applies; thus, the interpretation of this statute is an issue of first impression.

In addressing the lower limits of child support, RCW 26.19.065(2) provides:

> **Income below six hundred dollars.** When combined monthly net income is less than six hundred dollars, a support order of not less than twenty-five dollars per child per month shall be entered for each parent. A parent's support obligation shall not reduce his or her net income below the need standard for one person established pursuant to RCW 74.04.770,[3] except for the mandatory minimum payment of twenty-five dollars per child per month as required in this section or in cases where the court finds reasons for deviation

---

[2]In supplemental briefing, both McDaniel and Shanks address whether the minimum need standard should be applied to the current support calculation in which the trial court imputed income to McDaniel based upon his testimony about income from his last job. We decline to address this issue because McDaniel did not raise it in his opening brief. *See Cramer v. PEMCO Ins. Co.*, 67 Wn. App. 563, 567, 842 P.2d 479 (1992) (citing RAP 10.3(c)) (appellate court need not address issues raised for the first time in reply briefs).

[3]In relevant part, RCW 74.04.770 provides:

> The department shall establish consolidated standards of need each fiscal year which may vary by geographical areas, program, and family size, for aid to families with dependent children, refugee assistance, supplemental security income, and general assistance.

under [ ]section 32 of this act. This section shall not be construed to require monthly substantiation of income.

Section 32 granted the court authority to deviate from the standard calculation after considering certain resources and income.[4] In May 1991 the Governor vetoed section 32 on the grounds that it unjustifiably lowered support to children.[5]

In a special session later that year, the Legislature enacted a chapter with a substantially similar section, differing only in the location of some provisions.[6] That section was also entitled "STANDARDS FOR DEVIATION FROM THE STANDARD CALCULATION" and had the same effect as section 32.[7] The Governor approved the new section in July 1991.[8] Those standards for deviation are found in RCW 26.19.075.[9]

■ We first consider whether the statute applies only to calculations in which the combined monthly income is below $600. While the introductory sentence suggests this interpretation, the legislative intent indicates that the need standard applies regardless of the parents' income, except for the $25 minimum. When referenced in the statute, the $600 income level is tied to the $25 minimum payment but not to the need standard.[10] Further, the legislative history does not indicate an intent to create two classes of payors. The statement of intent indicates

---

[4]LAWS OF 1991, ch. 367, § 32.

[5]*See* LAWS OF 1991, ch. 367 (governor's explanation of § 32 veto).

[6]LAWS OF 1991, 1st Ex. Sess., ch. 28, § 6.

[7]*Compare* LAWS OF 1991, 1st Ex. Sess., ch. 28, § 6, *with* LAWS OF 1991, ch. 367, § 32.

[8]LAWS OF 1991, 1st Ex. Sess., ch. 28, § 6.

[9]The deviation statute's 1993 amendment is not relevant to this appeal.

[10]*See* RCW 26.19.065(2); *see also* RCW 26.19.020 (economic table states: "For income less than $600 the [support] obligation is based upon the resources and living expenses of each household. Minimum support shall not be less than $25 per child per month.").

that the support schedule was adopted to increase the equity of support orders "by providing for comparable orders in cases with similar circumstances."[11] Thus, the introductory language of RCW 26.19.065(2), **"Income Below Six Hundred Dollars,"** does not indicate that the subsequent language was limited by that requirement.

We further conclude that the Legislature intended that consideration of this minimum need standard be mandatory in all child support calculations because (1) such a standard recognizes a minimum subsistence level necessary for all payors, (2) a payor at the need level is likely to be receiving public assistance and public policy weighs against diverting such funds from the beneficiary, and (3) creating two classes for applying the need standard would encourage undesirable results, such as having payors reduce their incomes to avoid support obligations.

We next consider whether the trial court may deviate from the minimum need standard. The statute's language allows the court to exercise its discretion in determining whether reasons for deviation exist, referring to the deviation standards in section 32. McDaniel contends that the reference has no effect because that section was vetoed. We disagree. Even though the Legislature did not change the statute's reference to section 32, that reference should be read to incorporate the later enacted statute regarding the same topic.[12] We thus hold that the statute still grants the trial court discretion to deviate from the minimum need standard for the reasons stated in RCW 26.19.075, the later statute containing deviation standards similar to section 32. In exercising its discretion under that statute, however, the trial court must enter

---

[11]RCW 26.19.001(2).

[12]*See* RCW 1.12.028 (a statute's reference to another statute incorporates by reference all subsequent amendments, unless clear legislative intent to the contrary is evident).

written findings and conclusions stating its reasons for deviation or denial of deviation.[13]

Here, the trial court considered the minimum need standard in calculating McDaniel's support obligation; however, it declined to apply that standard. The trial court calculated the obligation as of August 6, 1992, based upon its understanding of our ruling on remand, and declined to increase the obligation in 1994 when McDaniel's income increased. However, the trial court failed to state any reason for deviating from the minimum need standard beyond declining to apply it.[14]

We agree with McDaniel that the trial court must consider the minimum need standard when calculating child support. But this does not mean that the court must apply the standard in all cases. The statute allows the trial court to exercise its discretion in deviating from the standard. When doing so, however, the trial court must provide written findings and conclusions stating its reasons for the deviation.

■ Shanks argues that RCW 26.19.065(2) does not apply because the trial court was calculating an arrearage for back support. We disagree. After a trial court determines that modification is appropriate, its calculation of the amount of support owing between the date of filing and the order date is not an award of back support.[15] More-

---

[13]RCW 26.19.075(3). Other provisions in the statute also support this holding. *See* RCW 26.19.035(2) (requiring written findings and conclusions, including reasons for deviation or its denial, in all orders for support).

[14]Shanks acknowledges that the trial court failed to include its reasons for deviating from the minimum need standard, but argues that ample evidence supports the deviation. She then presents several possible explanations for the trial court's deviation. The trial court did not, however, refer to any of the reasons presented. We will not engage in fact-finding by reviewing the record to determine the possible factual bases for a trial court's decision.

[15]*Cf. Chase v. Chase*, 74 Wn.2d 253, 259, 444 P.2d 145 (1968) (court may calculate modified support owing as prospective support from date of modification petition filing), *superseded by statute as stated in In re Marriage of Hughes*, 69 Wn. App. 778, 781-82, 850 P.2d 555 (1993).

over, a trial court may consider RCW 26.19.065(2) when calculating back support.[16]

Because the remainder of this opinion has no precedential value, it will not be published.[17]

WEBSTER and KENNEDY, JJ., concur.

---

[16]*See State ex rel. Taylor v. Dorsey*, 81 Wn. App. 414, 424, 914 P.2d 773 (1996) (paternity action calculating back support based upon RCW chapter 26.19, requiring court to determine income and calculate standard support before applying RCW 26.19.065(2) or RCW 26.19.075).

[17]*See* RCW 2.06.040; CAR 14.