176 P.3d 611 (2008)
In re the PARENTAGE of Jayla FAIRBANKS, Minor child, and
Julie L. Fairbanks, Respondent,
Ritchie D. Norman, Appellant.
No. 25658-8-III.
Court of Appeals of Washington, Division 3.
February 5, 2008.
*612 Carl Nathan Warring, Warring Law Firm PS, Moses Lake, WA, for Appellant.
Larry Washburn Larson, Larson Fowles, PLLC, Moses Lake, WA, for Respondent.
KULIK, J.
¶ 1 In November 2004, Ritchie Norman filed a petition to modify the child support for his daughter Jayla. After filing the petition, the Social Security Administration determined that Mr. Norman qualified for Social Security Disability (SSD), retroactive to April 1, 2004. As a result, Mr. Norman and Julie Fairbanks, on behalf of their daughter, each received a lump sum Social Security benefit award. The court determined that Mr. Norman had made an overpayment of child support.
¶ 2 On appeal, Mr. Norman contends the trial court erred by: (1) failing to give credit for the SSD benefit payments received by Jayla toward his child support obligation for the period of September 2004 through June 2005, and (2) failing to award interest on the amount awarded to him for his overpayment of child support. We remand for recalculation of his child support obligation including the SSD benefit. We also conclude that Mr. Norman may move for entry of judgment on any installment payment that is not timely paid, together with statutory interest.

FACTS
¶ 3 Ritchie Norman and Julie Fairbanks are the parents of Jayla. An order of child support was entered on May 28, 2004, requiring Mr. Norman to pay $779.78 per month, including day care expenses of $362.18 per month, beginning February 1, 2003.
¶ 4 In November 2004, Mr. Norman filed a petition for modification of child support and amended the petition in December 2004.
¶ 5 In July 2005, Mr. Norman filed a motion asking the court to temporarily suspend his obligation to pay child support due to his disability and physical injuries. The court entered an amended order of child support, temporarily reducing his monthly payment to $25, effective August 1, 2005.
¶ 6 Social Security Disability. In a notice of award dated November 4, 2005, the Social Security Administration notified Mr. Norman that: "We found that you became disabled under our rules on April 1, 2004." Ex. 10. On November 17, 2005, Mr. Norman received a lump sum SSD payment, retroactive to April 1, 2004.
¶ 7 As a result of Mr. Norman's disability, Jayla began receiving a monthly Social Security benefit payment of $279. In addition, Mr. Norman claims that in January 2006, Ms. Fairbanks received a lump sum benefit payment from Social Security on behalf of Jayla. He argues the payment was for the period of September 2004 through December *613 2005, approximately 16 months worth of disability benefits, totaling $4,278. Mr. Norman Exhibit 66 for this evidence. However, this exhibit is a letter from Social Security, establishing that a lump sum payment was made for his other daughter, Haley.
¶ 8 Importantly, the trial judge found that Ms. Fairbanks "recently received approximately 15 months' of that benefit as a retroactive lump sum payment" on behalf of Jayla. Clerk's Papers (CP) at 14. However, the trial judge also stated that "[t]he record is unclear regarding the period covered by the retroactive award, but it appears to extend back to approximately January or February of 2005." CP at 14. This is inconsistent with Mr. Norman's assertion that the lump sum payment provided benefits back to September 2004.
¶ 9 Here, the record contains no other evidence documenting the total amount of the lump sum payment that Jayla received, when the payment was made, or what months the payment covered.
¶ 10 Child Support Order. A trial was held in early 2006 on the amended petition filed in 2004. On October 13, 2006, the court entered findings and conclusions on the petition for modification of child support as well as an order regarding adjustment of child support and a new child support order, which are the subject of this appeal. The trial' court ruled that the modified child support order was effective as of October 1, 2005.
¶ 11 The trial court determined that Mr. Norman's total monthly income came from Social Security and consisted of $1,308. The court set Mr. Norman's monthly child support obligation at $271. Mr. Norman was given credit toward his child support obligation for the SSD benefit payment provided to Jayla each month, starting in June 2006, back through October 2005, the effective date of the order. In its findings, the court credited Mr. Norman's support obligation with Social Security payments provided to Jayla for August and September 2005. The order specifically provided that "[t]he obligor shall not receive any credit for SSD payments for the period of September 2004 through July of 2005." CP at 79.
¶ 12 Because of the recalculation, the trial court found that Mr. Norman made an overpayment of child support and day care expenses to Ms. Fairbanks in the amount of $4,951.68. According to the specific terms of the order, the repayment obligation did not bear interest for the first 24 months after it was entered. The order provided that Mr. Norman could move the court to enter judgment for any remaining balance of the overpayment obligation after two years, which would then bear interest at 12 percent per annum.
¶ 13 This appeal followed. Mr. Norman seeks review of the trial court's decisions entered on October 13, 2006, which includes the findings and conclusions on the petition for modification of child support, the order regarding adjustment of child support, and the final child support order.

ANALYSIS
¶ 14 Lump Sum Payment. Mr. Norman contends the trial court erred by failing to offset the SSD lump sum payment received by his daughter against his child support obligation for the period of September 2004 through June 2005.
¶ 15 This court reviews a modification of child support under an abuse of discretion standard. In re Marriage of Schumacher, 100 Wash.App. 208, 211, 997 P.2d 399 (2000). The interpretation of a statute is a question of law that is reviewed de novo. Medcalf v. Dep't of Licensing, 133 Wash.2d 290, 297, 944 P.2d 1014 (1997).
¶ 16 Under the abuse of discretion standard, the trial court will not be reversed unless its decision is manifestly unreasonable or based on untenable grounds or reasons. Schumacher, 100 Wash.App. at 211, 997 P.2d 399 (Citing In re Marriage of Peterson, 80 Wash.App. 148, 152, 906 P.2d 1009 (1995)). In addition, the reviewing court must determine whether findings of fact are supported by substantial evidence and whether the trial court made an error of law. Brandli v. Talley, 98 Wash.App. 521, 523, 991 P.2d 94 (1999).
*614 ¶ 17 In a child support modification proceeding, the trial court must set forth written findings of fact supported by substantial evidence. State ex rel. Stout v. Stout, 89 Wash.App. 118, 124, 948 P.2d 851 (1997). "Substantial evidence is that which would persuade a fair-minded and rational person of the truth of a stated premise." Id.
¶ 18 Application of RCW 26.18.190. RCW 26.18.190 addresses the effect of benefits paid by the Social Security Administration on behalf of a child. RCW 26.18.190(2) specifically provides that when Social Security benefit payments are made on behalf of the child of a disabled person, that amount is treated for all purposes as if the disabled person had paid the benefits toward the satisfaction of that person's child support obligation for the period for which the benefits were paid.
¶ 19 "The statute is unambiguous: Disability benefits paid directly to the children are in partial satisfaction of the disabled parent's support obligation." In re Marriage of Briscoe, 134 Wash.2d 344, 348, 949 P.2d 1388 (1998) (citing In re Marriage of Hughes, 69 Wash.App. 778, 782, 850 P.2d 555 (1993)). Under the mandatory language of the statute, courts must allow the offset. In re Marriage of Dicus, 110 Wash.App. 347, 353, 40 P.3d 1185 (2002).
¶ 20 Applying the statute, disability benefits paid directly to Jayla must be credited toward Mr. Norman's child support obligation. In addition, the disability benefits must be included in Mr. Norman's income for purposes of calculating his child support obligation. Briscoe, 134 Wash.2d at 349, 949 P.2d 1388.
¶ 21 Here, the trial court correctly recognized that RCW 26.18.190 applied. The trial court found that the statute "clearly requires that the SS disability dependent benefit `be treated for all purposes as if [Mr. Norman] paid the benefits toward the satisfaction of [his] child support obligation.'" CP at 50. Additionally, the trial court cited in In re Marriage of Maples, 78 Wash.App. 696, 899 P.2d 1 (1995) and Briscoe. The court further found that the "authorities are so clear that no further delay is justified." CP at 50. The trial court also correctly included both the SSD benefits paid to Mr. Norman, and the dependent benefits paid to Jayla, when calculating Mr. Norman's monthly income.
¶ 22 The trial court set forth in its findings that for the nine-month period of October 2005 through June 2006, "Mr. Norman is entitled to a credit of $279.00 per month for each month for social security disability payments received by the mother." CP at 69. Credit for these nine months of Social Security payments is included in the trial court's calculation of Mr. Norman's overpayment award. In arriving at the final overpayment amount, the court also credited Mr. Norman with the $279 disability payment for the months of August and September 2005.
¶ 23 Mr. Norman contends the trial court erred when it specifically ordered that he "shall not receive any credit for SSD payments for the period of September 2004 through July of 2005." CP at 79.
¶ 24 This case is complicated because the record contains no evidence to definitively establish when Jayla received the lump sum SSD benefit payment. However, the trial court made a finding that Jayla did at some point receive a lump sum payment. This is conceded by Ms. Fairbanks. Further, the trial court found that the lump sum payment represented approximately 15 months of benefits, extending back to at least January or February 2005.
¶ 25 "A reviewing court must defer to the sound discretion of the trial court unless that discretion has been exercised in an untenable or manifestly unreasonable way." In re Marriage of Booth, 114 Wash.2d 772, 779, 791 P.2d 519 (1990). Here, the trial court abused its discretion. The trial court failed to establish why Jayla's lump sum benefit should not have been applied as an offset toward Mr. Norman's child support obligation for the full period for which benefits were paid as required by RCW 26.18.190.
¶ 26 First, the documents entered on October 13, 2006, credited Mr. Norman with Social Security benefit payments to Jayla for each month through August 2005 but provides no reason for denying credit for the other months covered by the lump sum *615 award. The record provides no reason for this decision, apart from a portion of the court's July 2006 letter decision, which states:
The court will not now go back and try to credit Mr. Norman for the SS disability dependent benefit received prior to the effective date of the modified support obligation, October 1, 2005. To do so would require, first, that Mr. Norman's income during that period be increased by the amount of the benefit. Because he was still receiving business income, the de facto effect would be to push back the effective date of the modification, which the court declines to do.
CP at 51.
¶ 27 Second, the record contains no information explaining the trial court's decision to set the effective date of the modified support obligation as October 1, 2005. The trial court abused its discretion by selecting the effective date of the modified support order as October 1, 2005, and by refusing to award any credit for Social Security payments prior to August 2005.
¶ 28 In light of the trial court's failure to include all SSD benefits received by Jayla as part of the lump sum benefit payment she received, we remand for recalculation of the child support overpayment, taking into consideration the application of the child's disability benefits toward the obligation.
¶ 29 Interest on Overpayment. We next consider whether the court abused its discretion by ordering; (1) that Ms. Fairbanks did not have to pay interest on the overpayment obligation at the statutory rate of 12 percent, and (2) that Mr. Norman could not ask the court to enter judgment for two years after entry of the order.
¶ 30 This court reviews a trial court's decision setting the interest rate on a judgment for abuse of discretion. In re Marriage of Knight, 75 Wash.App. 721, 731, 880 P.2d 71 (1994).
¶ 31 We first determine whether the trial court's order directing the repayment of overpaid child support constitutes a "judgment" which would support an award of statutory interest pursuant to RCW 4.56.110. Mr. Norman relies on CR 54(a)(1) to support his claim that the trial court's order setting the amount of overpayment qualifies as a money judgment. As defined in CR 54(a)(1), "[a] judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies. A judgment shall be in writing and signed by the judge and filed forthwith as provided in rule 58."
¶ 32 It is well established that "each installment of alimony or child support, when unpaid, becomes a separate judgment and bears interest from the due date." Roberts v. Roberts, 69 Wash.2d 863, 866, 420 P.2d 864 (1966). However, there is no case authority addressing whether an award for the overpayment of child support is a judgment requiring interest.
¶ 33 Here, Mr. Norman made timely child support payments pursuant to a valid order. The overpayment resulted from the trial court's "downward" recalculation of Mr. Norman's support obligation for a nine-month period in which he had paid child support. CP at 75. The court stated that this amount shall be "repaid or credited" to Mr. Norman. CP at 75. We hold that the overpayment does not constitute a judgment. Therefore, the trial court did not abuse its discretion by declining to order interest on the overpayment amount.
¶ 34 However, the trial court should have allowed Mr. Norman to request entry of a judgment on any delinquent payments. The order specified repayment terms of $100 per month. Ms. Fairbanks could reduce the $100 payment by the amount of Mr. Norman's contribution to child care to a minimum repayment of $60 per month. The order also provided that only after two years could Mr. Norman move to enter judgment for the principal balance on the overpayment obligation.
¶ 35 But the trial court provided no findings to support this order. In the event Ms. Fairbanks did not make a payment as required, Mr. Norman should have been able to move the court to enter judgment against her for the payment amount due. "[W]hen *616 recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." Herzog v. Herzog, 23 Wash.2d 382, 388, 161 P.2d 142 (1945). Further, each unpaid installment becomes a judgment as it matures. Boudwin v. Boudwin, 159 Wash. 262, 263-64, 292 P. 1017 (1930). The trial court abused its discretion by ordering that Mr. Norman could not obtain a judgment for two years.
¶ 36 Conclusion. We remand for recalculation of the child support overpayment, taking into consideration all of the SSD payments received for Jayla. We also conclude that Mr. Norman is entitled to move for judgment on any installment payment that is not timely paid and that statutory interest shall accrue from the due date.
WE CONCUR: SWEENEY, C.J., and SCHULTHEIS, J.