IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RICHARD S. RANDALL,<br><br>                  Appellant,<br>     v.<br><br>THOMAS KOCH,<br><br>                Respondent. | No. 81354-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — Richard Randall petitioned for an antiharassment protection order against his neighbor, Thomas Koch. The trial court granted a temporary protection order, which required Koch to surrender his weapons. After a hearing, the trial court entered a permanent antiharassment order against Koch that no longer required Koch to surrender his weapons. The trial court also denied Randall's request for attorney fees and sanctions against Koch. Randall appeals. We affirm.

BACKGROUND

Randall and Koch are neighbors and had been embroiled in an ongoing property dispute. Randall petitioned for an antiharassment protection order against Koch. He alleged that Koch placed a target from a gun range that had been shot multiple times in the window of his home facing Randall's home. Randall submitted a photograph of the target in the window. Randall requested

Citations and pin cites are based on the Westlaw online version of the cited material.

that the court impose an emergency temporary protection order against Koch and that it order Koch to temporarily surrender his weapons.

The trial court granted a temporary protection order that required Koch to surrender his weapons. He surrendered his weapons to the Federal Way police department.

Randall moved to modify the temporary order, claiming that Koch surveilled his home with a camera. Randall then moved to modify the temporary order a second time, claiming that Koch again surveilled his home with a second camera, and that Koch flew a drone over his home. Randall requested that the trial court order Koch not to surveil his home or fly drones over his property. The trial court modified the order on these grounds.

Before the permanent order hearing, Koch declared that the target was not on the window facing Randall's property, but was on an inside door that, when opened, was visible through the window facing Randall's property. Koch denied any intention of alarming or upsetting Randall and his family and submitted photographs of the target on a door inside the house. Koch also claimed that his children sometimes fly drones but did not deny flying a drone over Randall's property.

In response, Randall submitted a photograph of Koch operating a drone. Randall also resubmitted a photograph of the target on the window, and not on the inside door as Koch claimed. Randall asserted that the trial court should sanction Koch for perjury by means of "after-the-fact removal and replacing of the

2

target on the door." Specifically, Randall appeared to argue that the trial court should, under RCW 9.72.090, refer Koch to the State for a perjury charge or send him to jail for perjury.[1] Randall made no argument for CR 11 sanctions.

At the protection order hearing, the trial court found that Koch's assertions about the placement of the target on the inside door were not credible. It also found, based on the photo Randall submitted, that Koch had flown a drone over Randall's property. The trial court found that Randall proved by a preponderance of the evidence that an antiharassment order against Koch was appropriate. But the trial court declined to permanently order Koch to surrender his weapons:

> I think more challenging question for the Court is, is there enough information by clear and convincing evidence that a *weapon was used or would likely be used in any harassment or harassing behavior.* While I appreciate the idea that there is some gun or bullet holes in the target or the poster, there is nothing other than this information to suggest a weapon was involved. And without additional information, it's hard for the Court to get to that standard of clear and convincing. If the standard was preponderance of the evidence, I might find differently. But with only this piece of information and nothing else, it is difficult for the Court to make a finding that there was clear and convincing evidence of a weapon being used in this case.

---

[1] RCW 9.72.090 states:

Whenever it shall appear probable to a judge, magistrate, or other officer lawfully authorized to conduct any hearing, proceeding or investigation, that a person who has testified before such judge, magistrate, or officer has committed perjury in any testimony so given, or offered any false evidence, [they] may, by order or process for that purpose, immediately commit such person to jail or take a recognizance for such person's appearance to answer such charge. In such case such judge, magistrate, or officer may detain any book, paper, document, record or other instrument produced before [them] or direct it to be delivered to the prosecuting attorney.

So I'm not going to find that there was clear and convincing evidence of a weapon being used and so will not order a surrender of weapons in this case.

(Emphasis added.) Randall's counsel asked the trial court to elaborate on its decision:

On the weapons issue, you said you didn't find clear and convincing evidence. My question is, is it because you're not sure there's bullets—you don't think bullets are sufficient—bullet holes are sufficient as a matter of law to be clear and convincing? Or you're not sure there's bullet holes because you can't tell very well? Because if it's the latter, you know, we can actually—you can actually have Mr. Koch provide the document—you can have it sent to you and you would have the facts right in front of you. But if it's the former—I just want to understand the ruling.

The trial court responded:

I appreciate that, Mr. Brown. It is more the former. Except, as I said, I could see once you pointed it out that there was a couple bullet holes in the white areas. I could see that once you mentioned that. And so it's more the former. You know, again, if it was a preponderance of the standard, I think I would be there. But on a clear and convincing standard, I think the Court needs more than just what this is.

The trial court also denied Randall's request for fees under RCW 10.14.090(2), and did not address Randall's apparent indication that it should send Koch to jail for perjury or refer him to the State for a perjury charge.

Randall moved for reconsideration, arguing the trial court erred by applying a clear and convincing evidence standard to the question of whether Koch should surrender his weapons, denying his attorney fees request under RCW 10.14.090(2), and failing to address the question of sanctions. The trial court denied the motion.

4

ANALYSIS

Randall says the trial court erred in applying a clear and convincing evidence standard in making its weapons surrender decision. He also says the trial court erred by denying his request for attorney fees under RCW 10.14.090(2), and by not imposing CR 11 sanctions on Koch. Finally, he requests attorney fees on appeal.

A. Burden of Proof

In addition to claiming that the trial court erred by applying a clear and convincing evidence standard, Randall says that RCW 9.41.800(2) allowed the court to order a weapons surrender if it determined by a preponderance of the evidence that Koch used a weapon. Koch responds the trial court properly declined to order him to surrender his weapons, since doing so requires a finding that he used a weapon in a felony.[2] We conclude that while the trial court misapplied RCW 9.41.800, it still properly declined to order Koch to surrender his weapons.

---

[2] Koch also says that Randall waived this issue because he did not object at the hearing to the trial court applying the clear and convincing evidence standard. Although Randall did not so object, both the petition for protection order form and the protection order itself mirror RCW 10.14.090(2)'s language and implicate the preponderance of the evidence standard, so whether to impose such an order under this standard was a question before the trial court. See Petition for an Order of Protection at 5 ("Has the respondent used, displayed, or threatened to use a firearm or other dangerous weapon in a felony?"); see also Order for Protection at 2 ("The court . . . **may** issue [an order to surrender weapons] because the court finds by a preponderance of evidence, the respondent . . . has used, displayed or threatened to use a firearm or other dangerous weapon in a felony."). Thus, we conclude that Randall has not waived this issue.

We review for abuse of discretion a trial court's antiharassment order. Trummel v. Mitchell, 156 Wn.2d 653, 669–70, 131 P.3d 305 (2006) (reviewing for abuse of discretion a trial court's modification to an antiharassment order).[3] "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Teter v. Deck, 174 Wn.2d 207, 215, 274 P.3d 336 (2012).

The trial court apparently considered that it could order Koch to surrender his weapons if it found, by clear and convincing evidence, "that a weapon was used or would likely be used in any harassment or harassing behavior." This misstates the applicable standard. If, upon a showing of clear and convincing evidence, the petitioner shows the respondent used a weapon *in a felony*, the court must order a surrender of weapons. RCW 9.41.800(1). If the petitioner makes the same showing by a preponderance of the evidence, the trial court may order a surrender of weapons. RCW 9.41.800(2). But Randall identifies no felony here. And in his petition for the protection order, Randall stated that Koch

---

[3] Randall says that because the protection order was based on affidavits, legal memoranda, and no live testimony, we should review de novo the trial court's decision instead of the typical abuse of discretion standard for antiharassment orders. He cites Progressive Animal Welfare Soc'y v. Univ. of Wash. (PAWS), which states that if "the trial court has not seen nor heard testimony requiring it to assess the credibility or competency of witnesses, and to weigh the evidence, nor reconcile conflicting evidence, then on appeal a court of review . . . should review the record de novo." 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (quoting Smith v. Skagit County, 75 Wn.2d 715, 718, 453 P.2d 526 (1990)). In PAWS, the court considered a challenge to a state agency's action under the Public Records Act, which a reviewing court considers de novo. 125 Wn.2d at 252; RCW 42.56.550(3). In contrast, RCW 10.14.080(6) provides a trial court granting a protection order "broad discretion to grant such relief as the court deems proper." And we note that the trial court made findings about Koch's credibility that Randall relies on in his argument for fees and sanctions. But in any event, we would affirm the trial court's decision regarding the weapons surrender issue even under de novo review.

had not used, displayed, or threatened to use a firearm or other dangerous weapon in a felony.

A court may also order a surrender of weapons if it finds that the possession of a firearm or other dangerous weapon "by any party presents a serious and imminent threat to public health or safety, or to the health or safety of any individual." RCW 9.41.800(5). But contrary to Randall's implications in his reply brief that this provision was somehow at issue and could have sufficed to result in a surrender order, none of the trial court's findings went towards whether Koch posed a serious and imminent harm. Nor did Randall, in his petition for the protection order, appear to claim that Koch posed a serious and imminent threat.[4]

While the trial court improperly analyzed whether Koch used a weapon to harass Randall, rather than whether Koch used a weapon to commit a felony, it properly declined to order Koch to permanently surrender his weapons. And we may affirm on any basis supported by the record, regardless of whether the trial court considered that rationale. Amy v. Kmart of Washington, LLC, 153 Wn. App.

---

[4] In response to whether possession of a firearm or dangerous weapon by Koch presented a serious and imminent threat to public health or safety, or to the health or safety of a victim, Randall merely responded: "In my opinion, he does not appear to use good judgment regarding firearms and I'd prefer that he not be allowed to possess a firearm."

And in any event, we need not consider Randall's claim as to RCW 9.41.800(5) since "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

846, 868, 223 P.3d 1247 (2009). The trial court's analysis does not warrant reversal.

B. Attorney Fees & Costs at Trial Court

Randall says the trial court improperly denied his request for attorney fees and costs under RCW 10.14.090(2) because (1) he prevailed below, and (2) it did so without entering findings or providing reasons supporting its decision. We disagree.

We review a trial court's decision about a fees award under RCW 10.14.090(2) for abuse of discretion. Hough v. Stockbridge, 113 Wn. App. 532, 542–43, 54 P.3d 192 (2002) (declining to reverse a trial court's decision not to award a petitioner attorney fees under RCW 10.14.090(2)), reversed in part on other grounds by Hough v. Stockbridge, 150 Wn.2d 234, 76 P.3d 216 (2003).

"A prevailing party is entitled to attorney fees if fees are authorized by contract, statute, or a recognized equitable ground." Hertz v. Riebe, 86 Wn. App. 102, 103, 936 P.2d 24 (1997). Generally, the prevailing party is the one who receives an affirmative judgment in its favor. Riss v. Angel, 131 Wn.2d 612, 633, 934 P.2d 669 (1997). But if both parties prevail on major issues, and the trial court provides both some measure of relief, neither party may have a right to attorney fees. Phillips Bldg. Co., Inc., v. An, 81 Wn. App. 696, 702, 915 P.2d 1146 (1996).

In Hough, the trial court denied both parties' requests for fees under RCW 10.14.090(2) after issuing mutual antiharassment orders against the

8

parties. 113 Wn. App. at 536, 542. Division II of this court affirmed the trial court's fee denial because the trial court had discretion, under RCW 10.14.090(2), not to order fees.

In an unpublished decision cited by Randall, Division III of this court affirmed an attorney fee award under RCW 10.14.090(2). See Lindell v. Bocook, noted at 196 Wn. App. 1023, 2016 WL 5799430 at *2. There, the respondent appealed the trial court's finding that the petitioner substantially prevailed because, while the trial court ultimately entered a protection order against him, the final order reduced the temporary order's geographic scope. Id. at *2. The court declined to reverse the award, reasoning that the reduction in the order's scope was because of an inadvertence by the trial court and that the petitioner had agreed the order's geographic restrictions should be altered.

Here, unlike in Lindell, the temporary order's weapons surrender provision did not result from inadvertence, and the parties contested the issue at the protection order hearing. Randall prevailed in the court imposing a protection order and Koch prevailed in the court removing the weapons surrender order. Both parties prevailed on major issues, so the trial court did not abuse its discretion by denying Randall's attorney fees request. And as noted by the court in Hough, nothing under RCW 10.14.090(2) requires a court to award attorney fees. 113 Wn. App. at 542–43.

Randall also says that because the trial court did not make factual findings or provide reasons supporting its decision to deny him a fee award, it abused its

discretion. To support this assertion, he cites State ex rel. Stout v. Stout, 89 Wn. App. 118, 126, 948 P.2d 851 (1997). In Stout, the trial court awarded attorney fees under RCW 26.09.140, which governs fee awards in dissolution proceedings and requires a court to consider the parties' financial resources before making an attorney fees award. Id. at 126 n.12. A failure to make findings on the parties' financial resources can lead to a reversal of an attorney fees award under RCW 26.09.140. In re Marriage of Scanlon and Witrak, 109 Wn. App. 167, 181, 34 P.3d 877 (2001) (reversing a denial of fees and remanding for consideration of a trial court fees request). But no law, or the plain meaning of RCW 10.14.090(2), establishes that a lack of findings or rationale when denying a fee award warrants reversal.

The trial court did not abuse its discretion in denying Randall's fee request.

## C. Denial of Sanctions

Randall claims the trial court improperly declined to impose CR 11 sanctions against Koch and his attorney. We disagree.

We review for abuse of discretion a denial of CR 11 sanctions. Parry v. Windermere Real Estate/East, Inc., 102 Wn. App. 920, 930, 10 P.3d 506 (2000). "A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 218, 304 P.3d 914 (2013). A trial court need not impose sanctions for every violation of CR 11 and may deny a request for

sanctions without entering findings on whether a CR 11 violation occurred. Protect the Peninsula's Future, 175 Wn. App. at 219.

At no point did Randall request the trial court to impose CR 11 sanctions on Koch or his attorney. Randall's oblique indication that the trial court should send Koch to jail for perjury or refer him to the State for a perjury charge under RCW 9.72.090 does not constitute a sanction request under CR 11. "[P]ractitioners and judges who perceive a possible violation of CR 11 must bring it to the offending party's attention as soon as possible. Without such notice, CR 11 sanctions are unwarranted." Biggs v. Vail, 124 Wn.2d 193, 198, 876 P.2d 448 (1994). Here, we cannot say the trial court abused its discretion by not imposing CR 11 sanctions, since Randall never requested them.

D. Attorney Fees on Appeal

Finally, Randall requests an award of attorney fees under RAP 18.1 and RCW 10.14.090(2). Since he does not prevail on any issue in his appeal, we deny his request.

We affirm.

_____
Chun, J.

WE CONCUR:

_____        _____
Leach, J.                        Appelwick, J.