FILED
OCT 22, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re: | ) | No. 30851-1-III |
| | ) | |
| RICHARD WIXOM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| LINDA WIXOM, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, A.C.J.— Richard Wixom and his former attorney, Robert Caruso,

individually appeal joint and several CR 11 monetary sanctions imposed by the trial

court for their intransigence during a domestic relations case involving Mr. Wixom's

former wife, Linda Wixom. We find no trial court error and affirm.

FACTS

The facts are drawn mainly from *In re Marriage of Wixom,* 182 Wn. App. 881,

332 P.3d 1063 (2014) (*Wixom I*), *review denied,* 353 P.3d 632 (2015). The Wixoms'

marriage was dissolved in March 2009, resulting in a split custody decree. In March

2011, the parties counter-petitioned to modify the parenting plan. Mr. Wixom asked for

placement of the couple's youngest child, J.W., alleging J.W.'s two older siblings were a

bad influence, Ms. Wixom's failure to supervise, her untreated mental illness, her

continuing drug abuse, and ongoing criminal behavior. In April 2011, the trial court found adequate cause to proceed to a trial on the parties' modification petitions. Mr. Wixom retained Mr. Caruso as counsel before trial.

Following a seven-day trial, the trial court dismissed Mr. Wixom's modification request and granted Ms. Wixom's request, entering 195 findings of fact, including:

> 183. Richard Wixom and Mr. Caruso engaged in a course of conduct that was not in good faith beginning in late July 2011 and continued through trial.
>
> 184. Richard Wixom and Mr. Caruso pursued allegation and innuendos not well-grounded in fact. Instead these allegations and innuendos were interposed for the improper purpose of harassing and causing unnecessary and needless increase in the cost of litigation.
>
> 185. There has been an ongoing attempt by Richard Wixom and Mr. Caruso to harass, embarrass, threaten, and intimidate the GAL, the Court Commissioner, and Linda Wixom herself.
>
> . . . .
>
> 188. There is a basis for Linda Wixom to receive CR 11 sanctions and attorney's fees based upon intransigence against Richard Wixom and Mr. Caruso.

Clerk's Paper (CP) at 1241-42.

Later, in conclusion of law 9, the court stated, "The Court finds and concludes there was a conspiracy in this case. The conspiracy was between Mr. Caruso and Richard Wixom to wage an all-out war against Linda Wixom, her attorneys, the GAL, and the Court." CP at 1244. The court ordered Mr. Wixom and Mr. Caruso, jointly and severally to pay 90 percent of Ms. Wixom's attorney fees from July 31, 2011 through

2

January 19, 2012 "as CR 11 Sanctions and Attorney Fees based on intransigence." CP at 1210. The court entered judgment in favor of Ms. Wixom for $51,778.58 in attorney fees and $3,949.84 in costs.

Represented by Mr. Caruso, Mr. Wixom appealed, raising 53 assignments of error relating to the trial court's modification and attorney fees/sanctions decision. This court disqualified Mr. Caruso from representing Mr. Wixom because of the apparent conflict, directing independent counsel and additional briefing.

Mr. Caruso, by independent counsel, next asked for reconsideration, asserting unsuccessfully the trial judge should have been disqualified. We reasoned, "'The brief would assert a new issue into the appeal. Any such motion for disqualification should have been made before the trial court and before rulings by the trial court.'" *In re Marriage of Wixom*, 2015 WL 3549607, at *2, 353 P.3d 632 (Mar. 31, 2015) (quoting this court's order, denying reconsideration). On review, our supreme court agreed, stating: "The trial judge was not asked to disqualify himself, and based on the facts that were placed on the record it is doubtful his impartiality could reasonably be questioned. Mr. Caruso fails to show that the Court of Appeals erred or departed from accepted practice by refusing to review this claim of error that was not raised in the trial court." *Id.* at *5.

Mr. Wixom, by new counsel, withdrew all issues relating to the court's placement decision. The sole remaining issue here is whether the trial court erred in ordering Mr.

3

No. 30851-1-III
*In re Marriage of Wixom*

Wixom and Mr. Caruso to be jointly and severally liable for Ms. Wixom's attorney fees as CR 11 sanctions.

ANALYSIS

A. Attorney Fees as CR 11 Sanctions

The issue is whether the trial court erred in awarding Ms. Wixom 90 percent of her attorney fees as CR 11 sanctions for intransigence by Mr. Caruso and Mr. Wixom. Mr. Caruso contends no authority exists for the court's sanction order. Mr. Caruso and Mr. Wixom both argue substantial evidence does not support the award.[1]

We review de novo whether a statutory, contractual, or equitable basis exists for an attorney fees award. *Gander v. Yeager*, 167 Wn. App. 638, 282 P.3d 1100 (2012). Because the trial court has weighed the evidence, our review is limited to determining if the trial court's findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law and the judgment. *Sac Downtown Ltd. P'ship v. Kahn*, 123 Wn.2d 197, 202, 867 P.2d 605 (1994).

Determining intransigence is necessarily factual, but may involve foot-dragging, obstructing, filing unnecessary or frivolous motions, refusing to cooperate with the opposing party, noncompliance with discovery requests, and any other conduct that

---

[1] In *Wixom I*, this court limited Mr. Caruso and Mr. Wixom from adding to their previous brief on "whether the award entered by the trial court should be upheld." 182 Wn. App. at 909. Thus, solely the arguments originally raised are addressed.

4

makes the proceeding unduly difficult or costly. *In re Marriage of Greenlee,* 65 Wn. App. 703, 708, 829 P.2d 1120 (1992) We review attorney fees awards based on intransigence for an abuse of discretion. *In re Marriage of Bobbitt,* 135 Wn. App. 8, 29-30, 144 P.3d 306 (2006). Discretion is abused when the court's decision is outside the range of acceptable choices or based on untenable grounds or untenable reasons. *In re Marriage of Littlefield,* 133 Wn.2d 39, 47, 940 P .2d 1362 (1997).

Initially, Mr. Caruso reargues the attorney fees/sanctions are improper because the trial judge should have been recused for conflict of interest. This argument has been decided by our Supreme Court in answer to Mr. Caruso's motion for discretionary review and will not be addressed further.

"[A]ttorney fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground in equity." *Fisher Props., Inc. v. Arden-Mayfair, Inc.,* 106 Wn.2d 826, 849-50, 726 P.2d 8 (1986). Attorney fees in dissolution proceedings may be awarded "after considering the financial resources of both parties." RCW 26.09.140. Intransigence is a basis for attorney fees in dissolution proceedings. *In re Marriage of Crosetto,* 82 Wn. App. 545, 564, 918 P.2d 954 (1996). "Intransigence" may be shown by "litigious behavior, bringing excessive motions, or discovery abuses." *In re Marriage of Wallace,* 111 Wn. App. 697, 710, 45 P.3d 1131 (2002).

Mr. Caruso incorrectly argues we must separately address attorney fees for intransigence and CR 11 sanctions. But, this court has clearly held, "Attorney fees may be awarded as part of a CR 11 sanction." *In re Kelly and Moesslang,* 170 Wn. App.

5

722, 739, 287 P.3d 12 (2012). The goal of CR 11(a) is to prevent baseless filings and filings made for improper purposes. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992). If a party engages in such conduct, "the court . . . may impose . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee." CR 11(a). Thus, the trial court did not err in ordering attorney fees based on intransigence as a CR 11 sanction.

Mr. Caruso and Mr. Wixom next challenge whether the facts support such an award. Our review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law and the judgment. *Sac Downtown Ltd. P'ship*, 123 Wn.2d at 202.

To begin, both challenge the court's finding (labeled conclusion of law 9), "The Court finds and concludes there was a conspiracy in this case. The conspiracy was between Mr. Caruso and Richard Wixom to wage an all-out war against Linda Wixom, her attorneys, the GAL, and the Court." CP at 1244. Mr. Caruso and Mr. Wixom argue the court's use of the word conspiracy amounted to a legal finding of civil conspiracy. We disagree. No argument or legal authority was presented regarding conspiracy. Instead, the court referred to the ordinary meaning of conspiracy, not a claim for relief. The court summarized in finding of fact 185, "There has been an ongoing attempt by Richard Wixom and Mr. Caruso to harass, embarrass, threaten, and intimidate the GAL,

the Court Commissioner, and Linda Wixom herself." CP at 1242. The court found actions showed Mr. Wixom and Mr. Caruso conspired "to wage an all-out war against Linda Wixom, her attorneys, the GAL, and the Court." CP at 1244.

Turning to whether substantial evidence supports the court's conclusions, the trial court painstakingly set forth findings of fact supporting the improper course of conduct pursued by Mr. Caruso and Mr. Wixom. This court repeated most of those findings in *Wixom* I. Relevant now, the record shows Mr. Wixom and Mr. Caruso engaged in a bad faith course of conduct, pursued allegations and innuendos not well-grounded in fact, increased the cost of litigation, and continued to embarrass, threaten, and intimidate participants. These facts support the court's findings of fact 183, 184, and 185. In turn, these findings support finding of fact 188 stating, "There is a basis for Linda Wixom to receive CR 11 sanctions and attorney's fees based upon intransigence against Richard Wixom and Mr. Caruso." CP at 1242. This "finding" is actually a conclusion of law and since it is supported by the findings, it is proper. *See State v. Reader's Digest Ass'n, Inc.*, 81 Wn.2d 259, 501 P.2d 290 (1972) (finding of fact that is actually a conclusion of law is treated as a conclusion on appeal).

In sum, we hold the trial court was authorized under CR 11 and *In re Marriage of Crosetto*, 82 Wn. App. at 564 to order Mr. Caruso and Mr. Wixom to pay Ms. Wixom's attorney fees for intransigence. Substantial evidence supports the court's intransigence findings of fact and conclusions of law.

## B. Joint and Several Liability

The next issue is whether the trial court erred in ordering Mr. Wixom and Mr. Caruso to be jointly and severally liable for the attorney fees. Mr. Caruso and Mr. Wixom each argue the other should be solely responsible for the attorney fees. In imposing joint and several liability for the fees, the trial court gave Ms. Wixom the right to recover as much as 100 percent of the fee award from Mr. Wixom, or, alternatively, Mr. Caruso. Whether an award of that type to Ms. Wixom was appropriate is the only matter at issue in this appeal. The men's rights inter se are not before us. Cf. RCW 4.22.040(1).[2] Any claim that Mr. Wixom or Mr. Caruso might try to assert for contribution would require factual development and legal briefing that has so far not taken place. Whether a legal basis exists for attorney fees is a question of law we review de novo. *Gander*, 167 Wn. App. at 282.

CR 11 sanctions may be based on intransigence. *In re Marriage of R.E.*, 144 Wn. App. 393, 406, 183 P.3d 339 (2008). Courts may order parties and their attorneys to be jointly and severally liable for attorney fees. *See Orwick v. Fox*, 65 Wn. App. 71, 92, 828 P.2d 12 (1992) ("The liability of appellants' attorney for this appeal shall be joint

---

[2] RCW 4.22.040(1) provides in relevant part:

> A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose. The basis for contribution among liable persons is the comparative fault of each such person.

8

and several.") Considering *Orwick*, Mr. Caruso incorrectly argues he has immunity from the sanctions. Moreover, sanctions may be imposed against the attorney alone. *See Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 224, 829 P.2d 1099 (1992) (attorney held liable for fees as CR 11 sanctions). Contrary to Mr. Caruso's arguments, attorneys may become liable in domestic relations contexts. *Lee v. Kennard*, 176 Wn. App. 678, 691, 310 P.3d 845 (2013). In *Lee*, Division One of this court upheld sanctions for an attorney's intransigence in submitting a false document in a dissolution proceeding. *Id.* Thus, considering these authorities, we hold attorneys and clients can both be liable for intransigence. Because evidence supports the challenged findings, both Mr. Wixom and Mr. Caruso were intransigent during the modification proceedings.

Notably, as Mr. Wixom points out, "'[A]bout half of the practice of a decent lawyer is telling would-be clients that they are damned fools and should stop." *Watson v. Maier*, 64 Wn. App. 889, 891, 827 P.2d 311 (1992) (quoting *McCandless v. Great Atl. & Pac. Tea Co.*, 697 F.2d 198, 201-02 (7th Cir.1983)). Sanctions, therefore, are appropriate for "lawyers who do not know when to stop." *Id.*

Finally, Mr. Caruso argues the trial court violated his due process rights by ordering him to be jointly and severally liable for Ms. Wixom's attorney fees. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. Due process requires, at a minimum, notice and an opportunity to be heard before a property taking. *Olympic Forest Products, Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 422-23, 428-29, 511 P.2d 1002 (1971). Mr. Caruso fails to provide relevant legal authority showing he was entitled to

further due process than afforded before the court imposed sanctions. Bald assertions of a violation of constitutional rights are insufficient to warrant reversal. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2005). Both Mr. Caruso and Mr. Wixom were intransigent during the modification proceedings. Accordingly, we hold the trial court did not err in ordering joint and several liability for 90 percent of Ms. Wixom's attorney fees.

## C. Attorney Fees on Appeal

In the last sentence of Mr. Wixom's brief he baldly asks us to sanction Mr. Caruso on appeal "for pursuing his attacks on appellant." Mr. Wixom's Br. (Sept. 8, 2014) at 8. Because his request does not set forth the applicable law to warrant fees and does not comply with RAP 18.1(b) (requiring party to dedicate a section of brief to fee request), we deny Mr. Wixom's request. Ms. Wixom requests RAP 18.9(a) attorney fees for defending against what she considers is a frivolous appeal. An action is frivolous if, considering the action in its entirety, it cannot be supported by any rational argument based in fact or law. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 785, 275 P.3d 339 (2012). While many aspects of this case are irregular, because this court previously directed the parties to brief the attorney fees/sanctions issue we cannot now say this appeal is entirely frivolous. However, the custody issues originally raised by Mr. Wixom, and subsequently withdrawn, are devoid of merit. As such, pursuant to RAP 18.9(a), and conditioned on her further compliance with RAP 18.1, we grant Ms.

No. 30851-1-III
*In re Marriage of Wixom*

Wixom's request for attorney fees incurred defending against the custody issues on appeal.

Affirmed.

_____
Brown, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                            Lawrence-Berrey, J.