IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 79625-9-I |
| | ) | |
| MADALYN MARIE MILLER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ZACHARY RICHARD MILLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — A party to a dissolution action is entitled to notice and an opportunity to be heard on matters affecting his rights. But his due process rights are not harmed when he has notice, skips his opportunity to be heard, and has a judgment entered against him. Because Zachary Miller[1] had proper notice of the action against him and chose not to attend the dissolution trial, the court did not err by entering judgment.

The court did not err by concluding three of Zachary's four businesses were community property when the only evidence presented at trial showed they were founded or purchased during the parties' marriage.

---

[1] We refer to the parties by their first names because they have the same last name.

Because trial courts have broad discretion to divide community property based on the circumstances of the entire marriage and mathematical equality is not required, the court did not abuse its discretion by awarding two of the couple's three real properties to Madalyn Miller.

Trial courts can award attorney fees in a dissolution action based on RCW 26.09.140 or a party's intransigence, among other bases. The court did not err by awarding Madalyn attorney fees.

Therefore, we affirm.

FACTS

Madalyn and Zachary Miller married on January 26, 2012, and separated on January 26, 2017. Zachary received notice of the dissolution action on January 19, 2018. Because Zachary never responded, the court granted a default judgment dissolving the marriage in May of 2018. He timely moved to vacate the default judgment, and the court vacated it that August. A mediation hearing was held in December of 2018, but Zachary did not appear. Trial was set for February of 2019.

Madalyn scheduled a discovery conference with Zachary for January 7, 2019, but he did not participate. That evening, she served Zachary with a motion to compel discovery, and he responded with "F___ You!"

Trial was held on February 7, 2019, but Zachary did not attend. Based on the evidence presented, the court awarded Madalyn two of the couple's three residential properties. It also determined three of four businesses controlled by Zachary—a real estate limited liability corporation and two gyms—were community property, awarded them to him, and offset the award with a $38,000 payment to Madalyn. The court

2

noted that Zachary had demonstrated a "failure to cooperate throughout this entire proceeding" and awarded Madalyn attorney fees.[2]

Zachary appeals.

## ANALYSIS

Zachary has failed to comply with the Rules of Appellate Procedure and his obligations as the appellant, and he misperceives the purpose of an appeal.[3] He has not satisfied the requirement of making assignments of error.[4] Because he does not challenge the trial court's findings of fact, those findings are verities.[5] He makes repeated references to facts that are not part of the record on appeal, but he is limited to the record on appeal.[6] Because he has not cited any legal authority supporting his arguments, we are not required to address his arguments.[7] And he asks for relief that is not appropriate on appeal.[8]

---

[2] Report of Proceedings (RP) (Feb. 7, 2019) at 31.

[3] Pro se appellants are accountable to the same rules as appellants represented by counsel. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[4] See RAP 10.3(a)(4) (requiring assignments of error).

[5] In re Marriage of Rideout, 150 Wn.2d 337, 353, 77 P.3d 1174 (2003); RAP 10.3(g) (requiring a separate assignment of error for each allegedly erroneous finding of fact).

[6] See RAP 9.1(a) (record on review consists of clerk's papers, a report of proceedings, and exhibits); RAP 10.3(a)(5)-(6) (requiring reference to the record for factual statements and for arguments made in briefs).

[7] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[8] See Appellant's Br. at 6 (he asks this court to issue a subpoena, but appellate courts do not issue subpoenas).

He appears to argue the court erred by entering the dissolution order because he was not present at the trial. Zachary was entitled to notice of the trial and an opportunity to be heard on issues affecting his property interests.[9] But a court may enter judgment against a person "who, after adequate notice, fails to make a timely appearance."[10] Zachary admits he knew the trial date but explains he chose not to attend because he and Madalyn "were taking actions towards a mutually agreed settlement" and this left "the impression that th[e] February 7th court date was no longer needed."[11] This argument is not supported by the record. No evidence shows he and Madalyn entered into or were arguably close to a settlement agreement.[12] Zachary received both notice of trial and an opportunity to be heard. He failed to use that opportunity. Zachary fails to show the court erred by entering a dissolution decree.

Zachary argues the court mischaracterized two of his three businesses as community property. A trial court in a dissolution proceeding has broad discretion to make a just and equitable distribution of property based on the factors enumerated in RCW 26.09.080.[13] The court may distribute all property, whether characterized as

---

[9] In re Marriage of Wherley, 34 Wn. App. 344, 347, 661 P.2d 155 (1983).

[10] See Boddie v. Connecticut, 401 U.S. 371, 378, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971).

[11] Appellant's Br. at 2.

[12] We decline to take notice of the supplemental evidence Zachary appended to his notice of appeal. Even if we did, the e-mails between him and Madalyn show mere negotiations and no genuine agreement. And because those e-mails predated Madalyn's efforts to litigate in January 2019, it was not reasonable to believe a settlement existed at the time of trial.

[13] In re Marriage of Wright, 179 Wn. App. 257, 261, 319 P.3d 45 (2013).

community or separate.[14]  We will affirm the trial court's determinations unless an

appellant demonstrates the court manifestly abused its discretion.[15]  This occurs if

the court's decision is based on untenable factual or legal grounds.[16]  Additionally,

we presume property acquired during a marriage belonged to the community unless

a party presents "clear and convincing evidence" the property was separate.[17]

The unrebutted evidence in the record reveals the real estate limited liability

corporation began during the marriage.[18]  And Zachary agrees the Duvall and

Snohomish gym businesses were acquired during the marriage.[19]  His sole argument

is that the gyms are his separate property because they were initially funded by the

company found to be his separate property.  No evidence in the record supports this

contention.  Zachary fails to meet his burden to clearly and convincingly trace the

funds supporting the gyms to a separate source and to show the gyms did not

become so commingled with community property that they lost their separate

character.[20]  He fails to show the court erred by classifying the businesses as

community property.

---

[14] Id.

[15] Id.

[16] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[17] In re Marriage of Chumbley, 150 Wn.2d 1, 5, 74 P.3d 129 (2003).

[18] See Report of Proceedings (RP) (Feb. 7, 2019) at 20.

[19] See Appellant's Br. at 2-3.

[20] See Chumbley, 150 Wn.2d at 5-6 (separate property acquired during marriage must remain "traceable and identifiable" and not be commingled to remain separate).

Zachary contends the court abused its discretion by awarding Madalyn two of the couple's three real properties. He argues "[o]ne party being given 1/3 equity and the other party receiving 2/3 of the equity is unfair an[d] unequitable and must be reconsidered."[21] But a trial court has "'broad discretion' to determine what is just and equitable based on the circumstances of each case."[22] Because a just and equitable division "'does not mean that the court must make an equal distribution'"[23] and Zachary's sole argument is that the division was wrong because it was unequal, he fails to show the court abused its discretion.

Zachary contends the court erred by awarding Madalyn attorney fees. We review de novo whether a statutory, contractual, or equitable basis exists for an award of attorney fees.[24] Zachary argues he "should not be forced to pay for a legal expense that were [sic] a result of Ms. Miller [sic] free will to pursue."[25] But RCW 26.09.140 authorizes an award of attorney fees to either party to a dissolution action.

Attorney fees from a dissolution also may be awarded due to one party's intransigence.[26] "'When intransigence is established, the financial resources of the

---

[21] Appellant's Br. at 3.

[22] In re Marriage of Larson & Calhoun, 178 Wn. App. 133, 138, 313 P.3d 1228 (2013) (quoting In re Marriage of Rockwell, 141 Wn. App. 235, 242, 170 P.3d 572 (2007)).

[23] Id. (quoting In re Marriage of DewBerry, 115 Wn. App. 351, 366, 62 P.2d 525 (2003)).

[24] Wixom v. Wixom, 190 Wn. App. 719, 724, 360 P.3d 960 (2015).

[25] Appellant's Br. at 3.

[26] Wixom, 190 Wn. App. at 725.

spouse seeking the award are irrelevant.'"[27] "Intransigence" includes foot dragging, obstruction, and discovery abuses.[28]

Here, the court found Zachary failed to "cooperate throughout this entire proceeding."[29] Zachary also failed to provide discovery, despite a court order requiring that he do so. Zachary actively obstructed the litigation process, including saying he would "blow [Madalyn's attorney's] head off" if her attorney attempted to "go after his businesses."[30] These circumstances support an award of attorney fees due to intransigence.[31]

Madalyn requests attorney fees incurred on appeal. Although Madalyn cites RAP 18.1 and RCW 26.09.140, she argues an award of fees is justified "based on the lack of merit" and frivolousness of Zachary's appeal.[32]

RAP 18.9(a) authorizes an award of attorney fees as a sanction for filing a frivolous appeal.[33] An appeal is frivolous when the appellant presents no debatable issues on which reasonable minds might differ and presents issues "so totally devoid

---

[27] In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006) (quoting In re Marriage of Morrow, 53 Wn. App. 579, 590, 770 P.2d 197 (1989)).

[28] Wixom, 190 Wn. App. at 725; Bobbitt, 135 Wn. App. at 30.

[29] RP (Feb. 7, 2019) at 31.

[30] Clerk's Papers at 32.

[31] We note the trial court did not expressly award attorney fees on the basis of intransigence. See CP at 14. But it did find Madalyn required assistance to pay attorney fees and Zachary had the ability to do so. Id. Also, we may affirm a trial court's ruling on any basis supported by the record. In re Marriage of Raskob, 183 Wn. App. 503, 514-15, 334 P.3d 30 (2014).

[32] Resp't's Br. at 10.

[33] Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

of merit that there is no reasonable possibility of reversal."[34]  Although we resolve all doubts regarding frivolousness in favor of the appellant,[35] the record here allows no reasonable basis on which to reverse the trial court.  Because he has not made assignments of error, relies on information that is not part of the record on appeal, fails to cite any legal authority, and fails to establish the trial court manifestly abused its discretion, Zachary filed a frivolous appeal.  We award Madalyn attorney fees from this appeal upon compliance with RAP 18.1.

Therefore, we affirm.

WE CONCUR:

---

[34] In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

[35] Id.