

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | |
| | ) | No. 36722-3-III |
| NICHOLAS J. DENNIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MEGAN G. YATES, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, A.C.J. — Nicholas Dennis appeals from an award of attorney fees following the entry of a parenting plan developed at mediation. We affirm the award, but decline to grant additional fees on appeal.[1]

PROCEDURAL HISTORY

The parties to this paternity action operated under temporary parenting plans while awaiting trial. The father, Mr. Dennis, was permitted visitation supervised by Fulcrum Dispute Resolution Clinic. Both parties were represented by counsel.

---

[1] We also deny the respondent's motion to strike the supplemental clerk's papers filed by appellant. Only dispositive motions may be filed in a brief. RAP 10.4(d). Although the motion appears meritorious, it was not dispositive of the case and, therefore, needed to be filed as a motion for consideration by our clerk or commissioner.

Mr. Dennis desired to mediate the case through Fulcrum with the mother, respondent Megan Yates, and without his counsel. Fulcrum policy required that the attorney acknowledge in writing that a client was mediating without counsel and had authority to enter into a settlement without counsel's approval. Dennis's attorney acknowledged that his client would be mediating without him, but said nothing about his client's authority to settle the case.

Dennis and his brother attended the mediation with Yates and her attorney. Although Dennis later indicated his belief that Yates's attorney would not be present, he nonetheless continued with the mediation despite learning that counsel was assisting Yates. The parties reached and signed an agreement. The parenting plan made Yates the custodian of their child. Dennis was permitted weekly supervised visitation through his brother and was not permitted to seek removal of the supervision requirement until evaluation(s) and any treatment had been completed.[2] The agreement "reserved" the question of future additional restrictions on the visitation or decision-making authority.

Dennis' attorney advised that he would not sign the parenting plan, believing it one-sided and void for imposing limitations on the father's visitation while reserving findings supporting the limitations. Yates then moved to enforce it. She also asked for

---

[2] A court commissioner earlier had entered orders imposing these requirements; the details are not relevant to this action.

an attorney fee award based on intransigence due to the need to litigate the agreement. In response, Dennis stated his personal belief that Yates would be present without counsel and that his counsel had to agree to any plan. Counsel for Dennis likewise expressed his belief that the mediation involved only the parties and that counsel would not be present for either side.

The trial court heard the motion to enforce the agreement. Concluding that there was no evidence that Dennis did not understand the material terms of the agreement, the court ruled that it was enforceable and entered the parenting plan. The court also granted attorney fees to Yates. The subsequent order granted $1,600 in attorney fees, but does not state the legal or factual basis for the award.

Mr. Dennis timely appealed to this court. A panel considered the appeal without conducting oral argument.

ANALYSIS

Mr. Dennis argues that the attorney fee sanction for enforcing the CR 2A agreement was unfair due to the circumstances argued to the trial court, primarily blaming opposing counsel for misleading Dennis and his counsel. Ms. Yates seeks attorney fees on appeal due to continued intransigence of Mr. Dennis. We reject his argument and decline her request.

Appellate courts review a trial court's decision to enforce a settlement agreement for abuse of discretion. *Morris v. Maks*, 69 Wn. App. 865, 868, 850 P.2d 1357 (1993). Likewise, we review attorney fee awards for abuse of discretion. *In re Marriage of Crosetto*, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). Discretion is abuse when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Contract law principles govern construction of settlement agreements. *Morris*, 69 Wn. App. at 868. The authority to enforce a settlement agreement is based in CR 2A and RCW 2.44.010. *Morris*, 69 Wn. App. at 868. The general rule is that a settlement agreement must either be acknowledged in court or be in a signed writing. *Id*. at 868-869. Even if the parties anticipate a later formalized agreement, evidence may establish a binding preliminary agreement based on the extent the parties agreed to the subject matter, whether the present writing establishes the key terms, and if the parties anticipate the agreement be binding before the formalized contract. *Loewi v. Long*, 76 Wash. 480, 484, 136 P. 673 (1913). If the party disputing the settlement agreement fails to demonstrate that the parties did not intend to be bound by the agreement until the formalized document was prepared, the court may enforce the settlement agreement. *Morris*, 69 Wn. App. at 872.

Here, the parties do not dispute these governing principles. Rather, Mr. Dennis argues in essence that the CR 2A agreement was the product of fraud or misconduct. The record does not bear out that contention, but, more importantly, the trial court did not find any such misbehavior. Instead, the trial court focused on the appropriate principles of law noted above and concluded that Mr. Dennis understood the contents of the parenting plan to which he was agreeing.

Mr. Dennis does not genuinely contest those findings, but, instead, focuses on the manner in which the agreement was reached rather than the agreement itself. The primary problem with that approach is that the father did not establish his case before the trial judge. The trial court did not find that any misconduct occurred, and that the objective evidence supported the trial court. The mother's counsel never stated she would not attend the mediation, nor did any communication from Fulcrum suggest that the mother was proceeding without her attorney. Moreover, the attorney never communicated directly with Mr. Dennis during mediation and did not mislead him about terms of the agreement.

The record establishes why father's counsel believed mother's attorney would not be present, but it does not objectively establish that she was not going to be present. Mr. Dennis' mistaken belief did not undercut the agreement he reached.

5

A court may award attorney's fees when a party is intransigent at trial, which includes "foot-dragging, obstructing, filing unnecessary or frivolous motions, refusing to cooperate with the opposing party, noncompliance with discovery requests, and any other conduct that makes the proceeding unduly difficult or costly." *Wixom v. Wixom*, 190 Wn. App. 719, 725, 360 P.3d 960 (2015). Intransigence was the basis for Yates' request for an award of fees in the trial court. Although the trial court's order does not expressly state the basis for awarding fees, there was no other basis for the fee award identified in the record. We presume the trial court acted on the basis of the request. *In re Marriage of Greenlee*, 65 Wn. App. 703, 708-709, 829 P.2d 1120 (1992).

The trial court had tenable reasons for concluding that Dennis engaged in conduct that made "the proceeding unduly difficult or costly." He requested the mediation and then reached an agreement on an appropriate parenting plan, only to renege almost immediately. That forced Yates to spend time on court proceedings to enforce the agreement. This was a textbook example of intransigent behavior. *Greenlee*, 65 Wn. App. at 708-710. The trial court did not abuse its discretion by awarding fees.

Yates also requests that we award fees for continuing the intransigence on appeal. Although we recognize our ability to do so, we decline her request. We believe this appeal was motivated more by the perceived injustice of the process below—misguided though that belief is—than it was for the purposes of delay or expense to Ms. Yates.

No. 36722-3-III
*Dennis v. Yates*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.