IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MELISSA DAVEY, | No. 83099-6-I |
| Appellant, | DIVISION ONE |
| v. | |
| WILLARD LAWRENCE GIBSON JR., | UNPUBLISHED OPINION |
| Respondent. | |

SMITH, A.C.J. — Melissa Davey brought an unlawful detainer action against Will Gibson, her former romantic partner, to evict him from a condominium she owned. Gibson responded by initiating an action to partition property acquired pursuant to a committed intimate relationship (CIR), claiming an ownership interest in the property. The matters were consolidated and set for trial. On the first day of trial, Gibson voluntarily dismissed his CIR action. After trial, Davey moved for attorney fees and costs based on, among other things, Gibson's intransigence throughout the proceedings. The trial court awarded Davey attorney fees for the CIR action only, determining that it did not have authority to award fees for the unlawful detainer action. The trial court erred in not exercising its inherent authority to award fees for intransigence for both causes of action. We reverse and remand.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Melissa Davey and Will Gibson dated for about five years. They had a turbulent relationship with many disagreements. They were living together when their relationship ended in 2015. Toward the end of the relationship, Davey purchased another condominium in the same complex and Gibson moved in.[1] Gibson, a commercial real estate agent, intended to purchase the condo from Davey when funds became available. Gibson sporadically made payments to Davey. At trial, Davey testified that the initial arrangement was for Gibson to pay her $1,500 per month as rent. She also testified that Gibson planned to eventually purchase the unit. Gibson testified he never paid rent to Davey; he believed he made mortgage payments. In December 2016, Davey told Gibson their arrangement was not working. She gave him until the end of January 2017 to move out. Gibson did not vacate the condo.

Litigation

Davey initiated an unlawful detainer action to evict Gibson in February 2018. In response, Gibson began a separate legal action, seeking to partition property he alleged was acquired during a committed intimate relationship (CIR). He brought the CIR action as a defense to Davey's unlawful detainer action; he asserted he owned a property interest in the condo and therefore, he was not a

---

[1] It is unclear from the record and the parties' briefing when the parties separated in 2015. It appears that the relationship was deteriorating when Davey purchased the second condominium.

tenant to be evicted.  Davey denied the existence of a CIR.  The trial court consolidated the two matters and set a trial date.

Gibson caused unnecessary delay throughout the course of the litigation.[2] He refused, for instance, to answer Davey's discovery requests.  As a result, Davey brought her first motion to compel discovery in August 2018, which the trial court granted.  Gibson appealed that order but did not actively pursue his appeal.  Davey moved to dismiss Gibson's appeal, which was granted.

On another occasion, Davey requested entry to the condo for appraisal and inspection.  Though Davey agreed to Gibson's terms of entry, Gibson refused to allow Davey access.  Davey was therefore forced to file a second motion to compel, in November 2018, this time asking the court to order access to the condo for appraisal and inspection.  The court granted her motion.

Gibson, in response, filed his own motion to compel, seeking production of Davey's financial records, claiming that they were relevant to his CIR claim.  The court granted Gibson's motion and awarded him attorney fees.  Davey moved for contempt against Gibson for his failure to respond to her first set of discovery requests and for disobeying the court's order compelling the same.  The court did not find Gibson in contempt but ordered him to comply with its previous discovery order.

---

[2] Gibson's general unwillingness to cooperate pervaded the proceedings. For example, in response to an e-mail from Davey's lawyer regarding settlement, Gibson replied: "Would I prefer to resolve this without spending another multiple of $10g on what might be the silliest fight (resources expended v. what's being contended over) in the history of the world?  Yes.  Will I, just for the sake of not committing further significant resources?  Emphatically NO."

On the morning of trial, Gibson moved to voluntarily dismiss his CIR claim. The court granted his motion and the trial proceeded on Davey's unlawful detainer action. The court found that none of the scenarios outlined in the unlawful detainer statute applied to the relationship or transactions between the parties. The court concluded that Gibson was a tenant at will and when he refused to vacate, he became a trespasser. The court ordered him evicted. The court also granted leave for Davey to present a motion for damages and attorney fees and costs.

## Motion for Attorney Fees and Costs

Davey moved for attorney fees and for entry of judgment. In its January 2020 order, the court determined that Gibson's actions throughout the consolidated matter were intransigent and that Davey should be awarded fees under CR 37 and RCW 4.84.185. It concluded that Gibson's discovery requests and motion to compel were frivolous and made in bad faith and that Gibson filed his CIR claim for the purpose of harassing Davey. The court also found that Gibson filed his motion to compel production of Davey's financial records for the purpose of harassing Davey. It awarded Davey damages for Gibson's failure to maintain the property provided that she submitted additional affidavits from her attorneys to support her request for fees. She complied, requesting fees totaling $175,144.92.

In its April 2021 order on Davey's motion for fees, the court noted that Davey based her fee request on Mr. Gibson's intransigence. But the court awarded fees solely for the CIR action. It stated that because Davey did not

4

provide a basis for awarding fees under the common law rule of tenancy at will, the court could not award fees based on unlawful detainer or tenancy at will. Instead, the court awarded Davey fees totaling $34,000 pursuant to CR 41.[3] In making its determination, the court considered previous fee awards, the record of the matter, and Gibson's intransigence, which caused Davey additional legal expense.

## ANALYSIS

We are presented with two questions. First, whether Davey waived her argument for attorney fees based on the court's inherent authority to award fees for intransigence by not explicitly requesting her fee award on that basis. Second, if the argument was not waived, did the trial court abuse its discretion by not exercising discretion to award fees upon finding Gibson intransigent. We conclude that Davey did not waive her argument and that the trial court abused its discretion by not recognizing or exercising its discretion.

### Preservation of Argument

On appeal, Gibson asserts that Davey presents two novel arguments that are barred by RAP 2.5(a): (1) that she was entitled to fees under the trial court's inherent authority to sanction bad faith conduct; and (2) that she was entitled to fees for the unlawful detainer action because Gibson's bad faith "permeated" the proceedings. As to the second argument, Gibson claims that the trial court did

---

[3] Though the trial court found earlier that fees were warranted under CR 37 and RCW 4.84.185, it awarded fees under CR 41 after Gibson voluntarily dismissed his CIR claim. Under CR 41(a)(1)(B), the trial court retained jurisdiction for the limited purpose of considering Davey's motion for fees.

not make a finding of bad faith in the unlawful detainer action. We first conclude that while her briefing was not as clear as it might have been, Davey did make the argument below and therefore preserved the issue for appeal. We also conclude that the trial court made a clear finding of bad faith in the unlawful detainer action because the cases were consolidated below.

1. Fees Under Trial Court's Inherent Authority

An appellate court may refuse to hear any claim of error not raised at trial. RAP 2.5(a); State v. O'Hara, 167 Wn.2d 91, 94, 217 P.3d 756 (2009). Here, because of an ambiguous record, the point of contention is whether the error was raised below.

In Davey's post-trial motion for fees, she based her request on CR 11, CR 37, RCW 4.84.185, and Gibson's intransigence. She then detailed Gibson's various acts of intransigence and bad faith.[4] When requesting fees because Gibson's misbehavior had forced her to make otherwise unnecessary discovery motions, Davey cited both CR 37 and several cases that awarded fees based on intransigence in discovery proceedings.

Though Davey's motion did not unambiguously state that the fees requested were based on Gibson's intransigence, a brief review of the cases

---

[4] Before litigation began, and in response to Davey's request that he vacate the condo, Gibson told Davey, "You're going to burn every penny you have. I shall see to it." During trial, while Davey testified she expended the majority of her assets in defending against the CIR action, Gibson blurted out "[s]weet!" At the end of trial, Gibson told Davey to "get ready to burn another hundred grand" as they left the courtroom. And after the trial court issued its final order, Gibson texted a friend stating he had "resources ro [sic] grind her [Davey] and her meager little position into dust."

cited makes clear that Davey sought an award of fees on that basis. See In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992) (stating that "[a] trial court may consider whether additional legal fees were caused by one party's intransigence and award attorney's fees on that basis" and holding that although the trial court did not make specific findings of intransigence, it correctly awarded fees where respondent was forced to come to court to enforce her dissolution decree); In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006) (vacating award of attorney fees where trial court did not provide sufficient findings of fact or conclusions for appellate review of a fee award); Wixom v. Wixom, 190 Wn. App. 719, 725, 360 P.3d 960 (2015) (finding that noncompliance with discovery requests is a form of intransigence); State ex. rel. Stout v. Stout, 89 Wn. App. 118, 126-27, 948 P.2d 851 (1997) (awarding fees based on intransigence and finding intransigence based on refusal to answer discovery requests). None of the intransigence cases cited by Davey awarded fees pursuant to CR 37.

Moreover, the trial court clearly understood that Davey requested fees based on intransigence because it noted as much in its April 2021 order on Davey's motion for fees: "The basis for the request for fees has been Ms. [sic] Gibson's intransigence which started when he filed his CIR claim within days of the Unlawful Detainer Action."

Because Davey presented her argument to the trial court and because the trial court indicated an understanding of the basis of her request, she preserved the issue for appeal. RAP 2.5 does not apply.

7

### 2. Findings of Bad Faith

Gibson asserts that the trial court did not make any finding of bad faith in the unlawful detainer action and therefore Davey cannot be awarded fees for intransigence in that matter. Gibson is mistaken. The trial court made findings of both bad faith and intransigence. The court found that "Gibson's actions during the pendency of the matters [sic] were nothing but harassment and intransigence."[5] The court also stated that "Gibson's intransigence … started when he filed his CIR claim within days of the Unlawful Detainer action."

Gibson's claim that the trial court only found intransigence in the CIR action is unsupported by the record. Soon after Gibson filed his CIR action, the trial court consolidated the two cases into one matter, under one cause number, to be governed by a single scheduling order. From that moment on, the matters ceased being two separate cases and were fundamentally intertwined. Discovery, mediation, and other proceedings were conducted as applying to both causes of action. Thus, any future findings by the trial court applied equally to both causes of action unless otherwise noted. None of the trial court's findings of fact specify whether there was intransigence in one cause of action and not the other; the court found intransigence specifically throughout the "pendency of the matters [sic]."

---

[5] Throughout the case, the court referred to the matter as both the "matters" and the "matter" interchangeably. Although there were two causes of action, this is properly considered a singular matter.

Abuse of Discretion

Davey challenges the trial court's decision to only award fees for intransigence for the CIR cause of action but not in the unlawful detainer action even though the court found that Gibson's intransigence permeated both causes of action. Davey contends the court erred by not recognizing and exercising its discretion to award fees for Gibson's intransigence in the unlawful detainer action. We agree.

A trial court may award attorney fees in a civil action if the award is authorized by statute, agreement of the parties, or a recognized equitable ground. Greenlee, 65 Wn. App. at 707. A trial court also has the equitable power to "consider whether additional legal fees were caused by one party's intransigence and award attorney's fees on that basis." Greenlee, 65 Wn. App. at 708; Mattson v. Mattson, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). "Intransigence is the quality or state of being uncompromising." Schumacher v. Watson, 100 Wn. App. 208, 216, 997 P.2d 399 (2000). "Determining intransigence is necessarily factual, but may involve foot-dragging, obstructing, filing unnecessary or frivolous motions, refusing to cooperate with the opposing party, noncompliance with discovery requests, and any other conduct that makes the proceeding unduly difficult or costly." Wixom, 190 Wn. App. at 725 (citing Greenlee, 65 Wn. App. at 708). Though generally awarded in dissolution proceedings, attorney fees for prelitigation and litigation bad faith conduct are available in certain other proceedings. See, e.g., Dalton M, LLC v. N. Cascade

Tr. Servs., Inc., 20 Wn. App. 2d 914, 947-48, 504 P.3d 834 (2022) (awarding fees for intransigence in title action).

We review an attorney fee award for an abuse of discretion. In re Marriage of Burrill, 113 Wn. App. 863, 873, 56 P.3d 993 (2002). "A trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons." In re Marriage of Coy, 160 Wn. App. 797, 807, 248 P.3d 1101 (2011). A failure to recognize authority and consider exercising discretion is an abuse of discretion. State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

The court entered several findings supporting its conclusion that Gibson was intransigent. For instance, the trial court found that Gibson's discovery requests and motion to compel Davey to produce her financial records were frivolous and in bad faith. It also found that Gibson's actions during the pendency of the matter were nothing but harassment and intransigence. And it found that Gibson brought his CIR claim for the sole purpose of harassing Davey and causing her to exhaust her financial resources in defending it. The court concluded that fees were proper under RCW 4.84.185 and CR 37 because Gibson's CIR claim was "frivolous" and because Gibson's intransigence throughout the matter violated CR 37. Neither party challenges the trial court's findings on appeal, making them verities for the purposes of review. Metro. Park Dist. of Tacoma v. Griffith, 106 Wn.2d 425, 433, 723 P.2d 1093 (1986) ("An unchallenged finding of fact is a verity on appeal.").

Here, the trial court abused its discretion by failing to recognize it had the discretion to award fees based on intransigence for both causes of action, not

10

just Gibson's CIR action. Davey requested fees for both causes. In its order on that motion, the trial court recognized that the basis for Davey's fee request was Gibson's intransigence. The court found that Gibson was intransigent throughout the "matters [sic]." It even cited case law holding that courts have discretion to award fees for intransigence.[6] Yet the court only awarded Davey fees for Gibson's intransigence in the CIR matter. It reasoned that Davey did not provide authority for a fee award under the common law rule of tenancy at will and declined to award fees based on unlawful detainer or tenancy at will.

The court apparently believed it did not have the authority to award fees for the entirety of the litigation based on Gibson's intransigence. Based on its own findings and because the CIR action was intrinsically wedded to the unlawful detainer action, the court had authority to award fees for the entirety of the matter.[7] The failure to recognize that discretion was error.

---

[6] The court cited Wixom, 190 Wn. App. at 725 (discussed above and cited by Davey); Bobbitt, 135 Wn. App. at 30 (discussed above and cited by Davey); In re Marriage of Wallace, 11 Wn. App. 697, 710, 45 P.3d 1131 (2002), review denied, 148 Wn.2d 1011 (2003) (stating that intransigence includes litigious behavior, bringing excessive motions, or discovery abuses); and Gamache v. Gamache, 66 Wn.2d 822, 829-30, 409 P.2d 859 (1965) (finding that pursuing meritless appeals for the purpose of delay and expense is intransigence).

[7] We note that a CIR action is analogous to a dissolution proceeding and therefore, fees for intransigence are proper. Moreover, under Dalton M, fees for prelitigation and litigation bad faith conduct are proper in cases other than dissolution proceedings. 20 Wn. App. 2d 914, 947, 504 P.3d 834 (2022) ("Language from this court's opinions in marital dissolution appeals confirms the availability of reasonable attorney fees for both prelitigation and litigation bad faith conduct."). Thus, a court award may be justified on a recognized equitable ground based on one party's intransigence which forced the other to go to court to obtain relief. Dalton M, 20 Wn. App. 2d. at 947-48.

## Attorney Fees

Davey requests attorney fees on appeal. RAP 18.1(b) provides this court authority to award reasonable attorney fees where applicable law permits. Davey asserts that the same bases for fees at the trial court apply here. But the bases for the fee award below was Gibson's intransigence, RCW 4.84.185, and CR 37. Davey does not argue that Gibson is intransigent on appeal nor does she argue that RCW 4.84 or CR 37 apply. We deny her request for fees on appeal.

We reverse and remand for the trial court to consider Davey's request for an award of attorney fees for the entire matter in light of its inherent authority to award fees for intransigence.

Smith, A.C.J.

WE CONCUR:

Coburn, J.                    Dwyer, J.

12